

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

DCC/Plea Agmt.
2016R00017

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2700

September 6, 2016

Timothy Donohue, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Ave.
West Orange, New Jersey 07052

Re:  <u>Plea Agreement with Jiaming Wang a/k/a "Celine Wang"</u>

Dear Mr. Donohue:

This letter sets forth the plea agreement between your client, Jiaming Wang, and the United States Attorney for the District of New Jersey ("this Office"). The offer contained in this letter will expire if not accepted by Jiaming Wang on or before September 20, 2016.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Jiaming Wang to a one-count Information that charges her with conspiracy to commit visa fraud, contrary to Title 18, United States Code, Section 1546(a), in violation of Title 18, United States Code, Section 371. If Jiaming Wang enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Jiaming Wang for the criminal activities committed from in or about May 2014 through in or about March 2016, in Union County, New Jersey, and elsewhere, as more fully set forth in the criminal complaint filed against her in this District under Magistrate No. 16-6038. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Jiaming Wang agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jiaming Wang may be commenced against her, notwithstanding the expiration of the limitations period after Jiaming Wang signs the agreement.

<u>Sentencing</u>

The violation of Title 18, United States Code, Section 371 to which Jiaming Wang agrees to plead guilty carries a statutory maximum prison

sentence of 5 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon Jiaming Wang is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jiaming Wang ultimately will receive.

Further, in addition to imposing any other penalty on Jiaming Wang, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Jiaming Wang to pay an assessment of $100, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., may order Jiaming Wang to pay restitution; and (3) pursuant to 18 U.S.C. § 3583, may require Jiaming Wang to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed. Should Jiaming Wang be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jiaming Wang may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jiaming Wang by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jiaming Wang's activities and relevant conduct with respect to this case.

- 2 -

Stipulations

This Office and Jiaming Wang agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jiaming Wang from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jiaming Wang waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I), Jiaming Wang agrees to forfeit to the United States all of his right, title and interest in the following specific property, which Jiaming Wang admits has the requisite nexus to the offense to which the defendant has agreed to plead guilty and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I):  the amount of $800 (U.S. currency) seized by law enforcement officials pursuant to a court-authorized search warrant executed on April 5, 2016 (the "Specific Property").

- 3 -

Jiaming Wang admits that the Specific Property represents property constituting or derived, directly and indirectly, from proceeds traceable to the commission of the offenses contrary to 18 U.S.C. § 1546(a), in violation of 18 U.S.C. § 371, as charged in the Information (an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)).

Jiaming Wang hereby consents to the entry of a Preliminary Order of Forfeiture as to the Specific Property, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure. Jiaming Wang further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I). Jiaming Wang agrees that she will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Jiaming Wang has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Jiaming Wang further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the Government and the execution of necessary documentation.

Jiaming Wang further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Jiaming Wang consents to the entry of judgment of forfeiture that will be final as to Jiaming Wang prior to sentencing. Jiaming Wang understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Jiaming Wang's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Jiaming Wang hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Jiaming Wang further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Jiaming Wang fails to provide a complete and accurate Financial Disclosure Statement by the date she enters his plea of guilty, or if this Office determines that Jiaming Wang has intentionally failed to disclose assets on his Financial Disclosure

- 4 -

Statement, Jiaming Wang agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and to seek leave of the Court to withdraw from this agreement or seek other relief. In addition, Jiaming Wang consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that she failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Jiaming Wang knowingly and voluntarily waives her right to any required notice concerning the forfeiture of those assets and agrees to execute any documents necessary to effectuate the forfeiture of those assets.

## Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

## Immigration Consequences

Jiaming Wang understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Jiaming Wang understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jiaming Wang wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Jiaming Wang understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Jiaming Wang waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jiaming Wang. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Jiaming Wang.

No provision of this agreement shall preclude Jiaming Wang from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Jiaming Wang received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Jiaming Wang and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Dennis C. Carletta
Assistant U.S. Attorney

APPROVED:

Anthony Moscato
Chief, National Security Unit

- 6 -

I have received this letter from my attorney, Timothy Donohue, Esq. I have read it, and/or it has been translated for me in my native language. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Jiaming Wang

Jiaming Wang

Date: 9/14/2016

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Timothy Donohue, Esq.

Date: 9/20/16

- 7 -

## Plea Agreement With Jiaming Wang

### Schedule A

1. This Office and Jiaming Wang recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jiaming Wang nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Jiaming Wang within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Jiaming Wang further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective on the date of sentencing applies in this case.

The Offense Conduct

3. The applicable guideline is U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy). Under U.S.S.G. § 2X1.1, the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Jiaming Wang and her co-conspirators completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense. See U.S.S.G. § 2X1.1(b)(2).

4. The substantive offense is a violation of 18 U.S.C. § 1546(a), and the applicable guideline for that offense is U.S.S.G. § 2L2.1. Pursuant to U.S.S.G. § 2L2.1(a), the base offense level is 11.

5. The parties agree that the offense was committed for profit and that the defendant conspired to knowingly use, attempted to use, possessed, obtained, accepted or received approximately 111 documents proscribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing that said documents were forged, counterfeited, altered, falsely made, to have been procured by means of false claim or statement, or otherwise procured by fraud or unlawfully obtained. Pursuant to U.S.S.G. § 2L2.1(b)(2)(B), specific offense characteristic results in a 9-level increase from the base offense level of 11.

- 8 -

## Acceptance of Responsibility

6. As of the date of this letter, Jiaming Wang has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jiaming Wang's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Jiaming Wang has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jiaming Wang's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jiaming Wang enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jiaming Wang's acceptance of responsibility has continued through the date of sentencing and Jiaming Wang therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jiaming Wang's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

## Calculation of the Total Offense Level

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jiaming Wang is 17.

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

## Waiver of Appellate Rights

10. Jiaming Wang knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have

under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

- 10 -