AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

JIAMING WANG

Defendant.

**CASE NUMBER   2:17-CR-00006-KSH-1**

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant, JIAMING WANG, was represented by TIMOTHY MICHAEL DONOHUE.

The defendant pleaded guilty to count(s) 1 of the INFORMATION on 1/9/2017.   Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | CONSPIRACY TO DEFRAUD THE UNITED STATES | 9/2014 - 3/2016 | 1 |

As pronounced on May 16, 2017, the defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $100.00 for count(s) 1, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 16th day of May, 2017.

*[Signature]*

Katharine S. Hayden
Senior U.S. District Judge

91732

Judgment - Page 2 of 6

Defendant: JIAMING WANG
Case Number: 2:17-CR-00006-KSH-1

## PROBATION

You are hereby sentenced to probation for a term of 3 years.

While on probation, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the standard conditions that have been adopted by this court as set forth below.

Based on information presented, you are excused from the mandatory drug testing provision, however, you may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

You must cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposed restitution, you must make restitution in accordance with 18 U.S.C. §§ 248, 2259, 2264, 2327, 3663, 3663s, and 3664. You must pay the assessment imposed in accordance with 18 U.S.C. §3013. If this judgment imposed a fine, you must pay in accordance with the Schedule of Payment sheet of this judgment. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

### IMMIGRATION AND CUSTOMS ENFORCEMENT - COMPLIANCE

You must comply with instructions from Immigration and Customs Enforcement to resolve any problems with your status in the United States. You must provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. You must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States. If deported, you must not re-enter the United States without the written permission of the Secretary of United States Department of Homeland Security. If you re-enter the United States, you must report in person to the nearest U.S. Probation Office within 48 hours.

### FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

### NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

### SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You must cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you must provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

Defendant: JIAMING WANG
Case Number: 2:17-CR-00006-KSH-1

Judgment - Page 3 of 6

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Judgment - Page 4 of 6

Defendant: JIAMING WANG
Case Number: 2:17-CR-00006-KSH-1

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____
　　　　　　　　　　　　　Defendant　　　　　　　　　　　　　　　Date


_____
　　　U.S. Probation Officer/Designated Witness　　　　　Date

Defendant: JIAMING WANG
Case Number: 2:17-CR-00006-KSH-1

Judgment - Page 5 of 6

# FINE

The defendant shall pay a fine of $5,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in monthly installments of no less than $250.00, to commence 30 days after the date of this judgment.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Defendant: JIAMING WANG
Case Number: 2:17-CR-00006-KSH-1

Judgment - Page 6 of 6

# RESTITUTION AND FORFEITURE

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

PLEASE SEE ATTACHED CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

2016R00017/DCC/SD/gr

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Katharine S. Hayden, USDJ |
| v. | : | Crim. No. 17- 6 |
| JIAMING WANG a/k/a "Celine Wang," | : | CONSENT JUDGMENT AND AND PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | : | (FINAL AS TO THE DEFENDANT) |

WHEREAS, on or about January 9, 2017, defendant Jiaming Wang a/k/a "Celine Wang" (the "defendant") pleaded guilty pursuant to a plea agreement with the United States to a one-count Information, which charged him with conspiracy to commit visa fraud, contrary to 18 U.S.C. § 1546(a), in violation of 18 U.S.C. § 371 (the "Information");

WHEREAS, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii)(I), a person convicted of conspiracy to commit visa fraud, an offense constituting a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in the Information, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the visa fraud offense;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii), all of her right, title and interest in the following specific property, which the defendant admits has the requisite nexus to the visa fraud offense to which the defendant has pleaded guilty:

  a. $800 in U.S. currency, which was seized on or about April 5, 2016 (hereinafter referred to as the "Specific Property");

WHEREAS, the defendant further admits that the Specific Property represents property constituting or derived from proceeds traceable to the commission of the visa fraud offense to which the defendant has pleaded guilty;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, in the plea agreement, the defendant further:

(1) Agrees to forfeit to the United States all of her right, title and interest in all the Specific Property, which the defendant admits have the requisite nexus to the visa fraud offense to which the defendant has pleaded guilty;

(2) Agrees that she will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so;

(3) Agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of

such property to the Government and the execution of necessary documentation;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(6) Acknowledges that she understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(7) Waives any and all claims that this forfeiture constitutes an excessive fine and agreed that this forfeiture does not violate the Eighth Amendment; and

(8) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

(1) As a result of the defendant's conviction of the visa fraud offense charged in the Information, pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I), and Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, all of the defendant's right, title and interest in the Specific Property is hereby forfeited

to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

(2) This Order is final as to the defendant, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

(3) Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such properties in its secure custody and control.

(4) Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

(5) Pursuant to Rule 23.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. §§ 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set

forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

(6) Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site; or if the person, or her attorney, was sent direct notice no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

(7) Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

(8) This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this _9th_ day of _January_, 2017

_____
HONORABLE KATHARINE S. HAYDEN
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____
By: DENNIS C. CARLETTA
Assistant United States Attorney

Dated: 1-9-2017

_____
TIMOTHY DONOHUE, ESQ.
Attorney for Defendant Jiaming Wang

Dated: 1/9/17

_____
JIAMING WANG, Defendant

Dated: 1/9/2017